OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Dale A. Markiewicz, Jr. ("Markiewicz"), appeals the judgment entered by the Lake County Court of Common Pleas. Markiewicz received a four-year prison sentence for his convictions for attempted rape and domestic violence.
 {¶ 2} Markiewicz was indicted on three counts of rape, three counts of domestic violence, and one count of kidnapping. Markiewicz pled guilty to one count of attempted rape, a second-degree felony, and two counts of domestic violence, both fourth-degree felonies. Upon recommendation of the state, the remaining counts of the indictment were dismissed.
 {¶ 3} The trial court sentenced Markiewicz to a four-year prison term for the attempted rape conviction. In addition, the trial court imposed ten-month prison sentences on each of the domestic violence convictions. These prison terms were ordered to be served concurrently, resulting in an aggregate prison term of four years. In addition, the trial court adjudicated Markiewicz a sexually-oriented offender.
 {¶ 4} Markiewicz raises a single assignment of error on appeal:
 {¶ 5} "The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 6} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[1]
 {¶ 7} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[2]
 {¶ 8} Markiewicz was sentenced to a four-year prison term for the attempted rape conviction. This term was more than the statutory minimum for a second-degree felony.[3] The trial court sentenced Markiewicz to ten-month sentences on his domestic violence convictions. These sentences exceeded the statutory minimum for fourth-degree felonies.[4]
 {¶ 9} Since the trial court engaged in judicial factfinding to impose all three of Markiewicz's sentences, they are unconstitutional.[5] Therefore, the sentences must be vacated.[6]
 {¶ 10} Markiewicz's assignment of error has merit.
 {¶ 11} We note that Markiewicz does not challenge his convictions or the sexually-oriented offender adjudication on appeal. Thus, we will not disturb the convictions or adjudication.
 {¶ 12} The judgment of the trial court is reversed, and the matter is remanded for resentencing, pursuant to State v.Foster.[7]
Ford, P.J., Rice, J., concur.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus, following Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington (2004),542 U.S. 296.
[2] State v. Foster, paragraph two of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[3] R.C. 2929.14(A)(2).
[4] R.C. 2929.14(A)(4).
[5] State v. Foster, paragraph one of the syllabus.
[6] Id. at ¶ 103-104.
[7] Id. at ¶ 104.